**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-40493
Summary Calendar
_____

STEPHEN FISHER,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:96-CV-340)
_____

March 5, 1999

Before HIGGINBOTHAM, JONES, and WEINER, Circuit Judges.

PER CURIAM:[*]

Appellant Stehpen Fisher sued his former employer, State Farm Mutual Automobile Insurance Company ("State Farm"), alleging a cause of action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and a cause of action for intentional infliction of emotional distress. The district court granted summary judgment for State Farm and Fisher appealed. We affirm.

## BACKGROUND

While employed by State Farm as an Automotive Estimator in June and July of 1994, appellant took 15 days of paid leave from work to care for his ill father and assist him in running his trucking business. In August 1994, appellant took another five

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

days of paid leave for the same reason. After his father passed away in September 1994, appellant took another 16 days of leave (12 of which were paid absences) in connection with the funeral and related affairs. On September 22, 1994, appellant requested in writing that his supervisor give him a 60 day leave of absence because he needed time to 1) function as the executor of his father's estate; 2) help his mother through the difficulty associated with the death; and 3) deal with his own mental suffering and marital strife. Because a medical certification form was required to substantiate his claim that he needed a medical leave, and he had not yet seen a doctor, his supervisor instructed him to have his doctor examine him and submit a Family Leave Certification Form.

Appellant met with Dr. Steven Overn who diagnosed him as having an "adjustment disorder." According to Overn, appellant was experiencing excessive stress and needed time away from work to clear up his father's estate. After receiving the certification form from Overn, Dr. Margaret Sowanda, State Farm's Medical Director, noticed that the form was incomplete because it did not include any information regarding appellant's course of treatment and did not state that appellant was unable to function in his job. Sowanda then phoned Overn to clarify his diagnosis. Overn explained that he had prescribed Zoloft and scheduled appellant for re-evaluation in two weeks, because Zoloft takes two weeks to begin working. Sowanda then suggested that appellant's leave should be for two weeks instead of the 60 days initially requested, and Overn

**2**

agreed.

State Farm sent appellant a letter informing him that he had been approved for a two-week leave and was to thereafter return to work. According to appellant's deposition, he used the time to settle his father's estate, run his father's business, and care for his mother. At the end of the two-week period, appellant did not return to work and was accordingly classified as Absent Without Leave ("AWOL"). Three days later, State Farm terminated his employment due to his AWOL status.

## STANDARD OF REVIEW

In reviewing the district court's grant of summary judgment, the standard of review at the appellate level is *de novo*. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Citrate*, 477 U.S. 317, 322-24 (1986). Under this standard, all fact questions must be viewed in the light most favorable to the non-moving party, and questions of law are reviewed *de novo*. *Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir.). Once the moving party meets its burden, the burden shifts to the non moving party to produce evidence sufficient to show the existence of a material fact. *See id.*

**DISCUSSION**

**A.    Family Medical Leave Act**

The district court granted summary judgment for State Farm because appellant failed to show that he was incapacitated as required by FMLA.  Appellant argues that incapacity is not a necessary requirement for protection under FMLA, and even if it is, the appellee, by providing "an unconditional grant of FMLA leave," waived the incapacity issue.

Under the FMLA, an employee is entitled to a leave if the employee has "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612 (a)(1)(D).  A "serious health condition" is defined as an "illness, injury, impairment, or physical or mental condition that involves . . . *continuing treatment* by a health care provider" including "[a] period of *incapacity* . . . ." 29 C.F.R. § 825.114 (a)(2) (1997).  This Court has interpreted these regulations as requiring FMLA plaintiffs to show that they experienced a period of incapacity.  "[U]nder the regulation, where an employee alleges that he has a serious health condition involving continuing treatment by a health care provider, he must first demonstrate a period of incapacity (i.e. the inability to work) . . . ." *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir. 1997); *see also Price v. Marathon Cheese Corp.*, 119 F.3d 330, 335 (finding that the plaintiff was not entitled to FMLA protection because "she failed to prove incapacity").

The district court granted summary judgment for State

**4**

Farm because appellant failed to raise a fact issue regarding his incapacity. The appellant's doctor testified that despite appellant's "adjustment disorder," he "still could perform activities of daily living . . . ." In addition, the doctor conceded that appellant's stress which was caused by probating his father's estate could have been alleviated by finding a replacement executor. Finally, while appellant was on his two-week leave of absence, he actively discharged his duties as the executor of his father's estate, continued to run the trucking business, and cared for his mother. Based on these facts, the district court properly granted summary judgment for the appellee because Fisher did not show that he was incapacitated; he failed to meet the requirements for having a "serious health condition."

The appellant relies on *Sims v. Almeda-Contra Costa Transit Dist.*, 2 F. Supp.2d 1253 (N.D. Cal. 1998), to argue that State Farm, by initially providing "an unconditional grant of FMLA leave,"[1] somehow waived its right to argue now that appellant does not qualify under FMLA. We disagree. The issue in *Sims* was whether an employer, who denied an employee's request for leave without obtaining follow-up medical opinions as required by the FMLA, may later challenge the accuracy of the medical certification. *See id.* at 1260. The district court held that the employer may not contest the validity of the initial medial certification if it did not seek the required subsequent medical

---

[1] State Farm granted a two week leave to appellant, not "an unconditional grant of FMLA leave" as appellant contends.

**5**

opinion. *See id.* at 1255. *Sims* is inapplicable, however, because State Farm is not contesting the validity of the medical certification. Instead, State Farm relies on Overn's medical certification and later testimony to support its argument that appellant was capable of performing normal job functions and was not incapacitated. Fisher has not cited, and we are unable to find, any case or statute that prevents an employer from defending itself in a FMLA suit on the basis that its employee, who was granted a limited leave of absence, does not qualify for a FMLA leave.

**B. Intentional Infliction of Emotional Distress**

Appellant next argues that State Farm intentionally inflicted emotional distress on him. In order to support a claim for intentional infliction of emotional distress under Texas law, appellant must prove that State Farm's conduct 1) was intentional or reckless; 2) was extreme and outrageous; 3) caused the plaintiff emotional distress; and 4) finally, the resulting emotional distress was severe. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993).

Appellant first argues that he suffered severe emotional distress because a State Farm supervisor placed a memorandum containing false information in his personnel file the day after he was fired. The district court did not consider the memorandum because appellant did not attach it to his brief in opposition to summary judgment. Even if the appellant had properly produced the memorandum and the district court had considered it, the memorandum

**6**

does not exhibit the kind of extreme or outrageous behavior necessary to establish a claim. Moreover, there is no evidence that the memorandum caused appellant to suffer emotional distress, especially since he did not become aware of the memorandum until two years after his termination. Appellant also argues that State Farm intentionally inflicted emotional distress by interfering with his ability to exercise FMLA rights. As previously noted, however, the appellant does not have any rights under the FMLA because he proved neither that he suffered a "severe health condition" nor incapacity. Thus, his claim for intentional infliction of emotional distress fails.

## CONCLUSION

Because we find no reversible error and because the appellant failed to show a genuine issue of material fact as to both the FMLA issue and the intentional infliction of emotional distress issue, we AFFIRM the district court's grant of summary judgment.

**AFFIRMED.**